Filed 10/7/20  Julian R. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| JULIAN R., SR.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>Respondent;<br><br>TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Real Party in Interest. | F081393<br><br>(Super. Ct. No. JJV059910J)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Robin L. Wolfe, Judge.

Julian R., Sr., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Detjen, J. and Smith, J.

Petitioner Julian R., Sr., (father), in propria persona, seeks an extraordinary writ from the juvenile court's order setting a Welfare and Institutions Code section 366.26 hearing[1] for October 15, 2020, as to his now nine-month-old son, Julian R., Jr., (Julian). Julian's mother, Valerie P., did not file a writ petition. Father requests a stay of the hearing until he is released from prison and can take custody of Julian. He does not, however, contend the court erred in setting the section 366.26 hearing. We conclude father's writ petition is inadequate for appellate review under California Rules of Court, rule 8.452[2] because he does not assert juvenile court error. We further conclude father failed to establish good cause to stay the section 366.26 hearing and deny his request.

## PROCEDURAL AND FACTUAL SUMMARY

Newborn Julian was removed from Valerie's custody in December 2019 by the Tulare County Health and Human Services Agency (agency) because Valerie tested positive for amphetamine and failed to seek consistent prenatal care. At age 33, Valerie had given birth to 11 children, including Julian, and had an extensive history with child protective services. Eight of Julian's half siblings, ranging in age from 17 years to four years at the time of his birth, were removed from mother's custody because of her substance abuse. Her parental rights to the oldest four were terminated and the younger four were ordered into a long-term plan of legal guardianship.

Valerie is a registered member of the Tule River Tribe of Yokuts Indians. The Tule River Tribe supported her while her children were in the foster care system and encouraged her to treat her substance abuse problem. She identified her husband, father, as Julian's biological father. Father was incarcerated approximately two weeks before Julian was born and was housed at North Kern State Prison. He was eligible for parole in March 2021.

---

[1] Statutory references are to the Welfare and Institutions Code.

[2] Rule references are to the California Rules of Court.

The juvenile court ordered Julian detained pursuant to an original dependency petition filed by the agency, alleging under section 300, subdivision (b) that mother's substance abuse placed him at a substantial risk of harm and father failed to protect him, under subdivision (g) that father left him without providing for his support and under section (j) that mother neglected Julian's siblings because of her substance abuse, placing Julian at a similar risk of harm. The court ordered the agency to offer the mother services pending its disposition of the case and set the jurisdictional/dispositional hearing for January 9, 2020. The agency placed Julian in foster care pending placement with a relative or an approved tribal family.

On January 9, 2020,[3] the juvenile court set a contested jurisdictional/dispositional hearing for February 24 and the Tule River Tribe informed the court it intended to intervene. On February 24, the court granted the agency's request to dismiss the section 300, subdivision (b) and (g) allegations as to father without prejudice and sustained the petition. The court continued the hearing to March 12. Father appeared on March 12 and asked the court to consider his family for placement. The dispositional hearing was continued multiple times and ultimately conducted on July 2.

Meanwhile, on May 1, the agency filed a subsequent petition under section 342, adding allegations under section 300, subdivision (b) that father has a history of methamphetamine and marijuana use and knew or should have known of Valerie's substance abuse problem and failed to protect Julian. The petition further alleged under subdivision (g) that father was incarcerated and failed to provide support for Julian.

The agency recommended the juvenile court deny Valerie reunification services under section 361.5, subdivision (b)(10), (11) and (13) because of her untreated drug abuse and failure to reunify with Julian's half siblings. The agency recommended the court deny father reunification services under section 361.5, subdivision (e)(1) because

---

**3**     Year references are to 2020.

3.

he was incarcerated. The agency informed the court it was evaluating paternal aunt Veronica Carrillo, who lived in Washington state, for placement. The agency also continued to consult with the Tule River Tribe about placing Julian in a tribal home.

The juvenile court ordered the agency to evaluate Carrillo for placement. The Tule River Tribe subsequently opposed placing Julian out of state, preferring that he be placed with a family identified and approved by the tribe.

On July 2, the juvenile court sustained the section 342 petition, denied the parents reunification services as recommended and set a section 366.26 hearing. The court ordered the agency to complete an Interstate Compact on the Placement of Children.

## DISCUSSION

The purpose of extraordinary writ proceedings is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

Rule 8.452, which sets forth the content requirements for an extraordinary writ petition, requires the petitioner to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) In keeping with rule 8.452(a)(1), we will liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

Father's writ petition is facially inadequate under rule 8.452 because he does not claim the juvenile court erred in setting a section 366.26 hearing. Indeed, the court has no choice but to set a section 366.26 hearing if it denies the parents reunification services.

4.

(§ 361.5, subd. (f).) Rather, father requests a stay of the section 366.26 hearing to avoid termination of his parental rights. He asserts that he will be released from custody on August 14, 2020, and plans to appear at the section 366.26 hearing. If he is released prior to the section 366.26 hearing, then his writ petition would theoretically be rendered moot. However, we do not know the status of father's release date and we would not issue a stay in this case in any event as we now explain.

This court has discretion to temporarily stay the section 366.26 hearing pending our review of the writ petition but only on an "exceptional showing of good cause." (Rule 8.452(f).) Since father's writ petition is inadequate for our review, there is no need to consider issuing a temporary stay. Further, father's desire to stay the hearing to give himself more time to seek custody of Julian is not sufficient good cause.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate under rule 8.452. The request for a temporary stay of the section 366.26 hearing is denied. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).